*Drane, for appellee.*

---

KENTUCKY CENTRAL R. R. COMPANY *v.* R. T. HOUSTON.

**Carriers—Ejection of Passenger.**

A conductor had no right to eject an intoxicated passenger who was conducting himself in a proper manner except that he was insisting that he had paid his fare while he was holding the ticket in his hand, where another offered to pay his fare, which the conductor refused to accept, and ejected the passenger because "he had lied to him."

APPEAL FROM BRACKEN CIRCUIT COURT.

September 17, 1873.

OPINION BY JUDGE PRYOR:

The weight of the testimony conduces to show that the appellee had purchased a ticket for his passage from Falmouth to Catauba. It is immaterial whether the ticket was obtained at Falmouth of the agent of the company or from its agent at Catauba, if from an agent authorized to sell tickets his acts must bind the company. The proof shows that appellee was much intoxicated but still conducting himself in a proper manner except in insisting that he had paid his fare. This statement was the result of his drinking and in every other respect his demeanor was as unobjectionable so far as the proof shows as that of any other passenger. His friends, who were on the way to the same town with him, were under the impression that he had a ticket and some of them saw it in his hand, and it is certain that one was found on the ground at the place where he was ejected from the cars. His friends interposed when they saw that the conductor was about to put appellee off the train and offered to pay his fare, which was ten cents, but the conductor refused to receive it, not for the reason that the party proffering to pay had no money, but because the appellee, to use the conductor's

own language, had lied to him. It is true no tender was made by Brown of the amount of money required to pay appellee's passage. He says, however, that he had the money and with his hands in his pocket offered to pay, but the conductor refused, saying that "he would put him off any time as he had lied to him," indicating clearly that his object was more to punish him for this breach of moral duty than to receive the money for his passage. Others desired to pay the fare also, but the conductor was so determined and hasty in his efforts to eject appellee that he had him out of the car before his other friends could interfere. That the conductor had the right to put him off the car in a proper manner upon his failure to pay his fare, there can be no doubt, but it is equally as clear that his friend had the right to pay for him. It would be a singular rule to adopt that one traveling upon railroads must produce his own ticket or his own money and if not, although his friend may offer to, to clothe the conductor with the power, as seems to have been exercised in this case, to eject him rudely from the cars. The instructions were in no sense prejudicial to the appellant, and the damages scarcely adequate for the perpetration of such a wrong.

Judgment *affirmed.*

*Ranson, Stevenson, Myers, Drane,* for appellant.

*Lee,* for appellee.